|  |  |
|---|---|
| CHARLES R. KOZAK AND SUSAN K. KOZAK,<br><br>Plaintiffs,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.; QUALITY LOANS SERVICE CORP.; AMERICAN HOME MORTGAGE ACCEPTANCE, INC.; EMC MORTGAGE CORP.; STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC.; CITIBANK, NA AS TRUSTEE FOR SECURITIZED TRUST STRUCTURED ASSET MORTGAGE INVESTMENTS II 2007-AR6 TRUST; WELLS FARGO BANK, NA; MORTGAGE ELECTRONIC REGISTRATION SYSTEM ("MERS"); AND DOES 1 THROUGH 100 INCLUSIVE, *et al*.<br><br>Defendants. | Case No. 3:17-cv-00619-MMD-VPC<br><br>ORDER<br><br>(Pls.' Motion for Preliminary Injunction – ECF No. 13; Pls.' Motion for Temporary Restraining Order – ECF No. 14) |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

Before the Court are Plaintiffs' verified application for temporary restraining order, preliminary injunction, and declaratory relief ("TRO Application") (ECF No. 14) and Plaintiffs' motion for preliminary injunction (ECF No. 13) (together, "Motions").

Plaintiffs' TRO Application essentially asks for emergency ex parte relief without complying with the requirements for emergency relief under LR 7-4. For example, Plaintiffs fail to certify that any attempt to meet and confer has been made or why the nature of the emergency precluded such a conference. LR 7-4(a)(3).

Moreover, Plaintiffs have failed to explain why they waited until three business days before the sale to seek an emergency temporary restraining order on an ex parte basis when they knew that a foreclosure was scheduled on October 23, 2017, at least as early as October 6, 2017, when Plaintiffs filed their Complaint for, *inter alia*, "lack of standing to foreclose." (ECF No. 1 at 1.) "Emergency motions should be rare. A party or attorney's failure to effectively manage deadlines . . . does not constitute an emergency." LR 7-4(b).

For these reasons, the Court denies Plaintiffs' request to address its motion on an emergency basis. The Court also declines to set a shortened briefing schedule since the foreclosure sale will take place in the next few days.

The Court has also preliminarily reviewed the substance of Plaintiffs' TRO Application and is not persuaded that Plaintiffs can demonstrate a likelihood of success on the merits. TROs are governed by the same standard applicable to preliminary injunctions. *Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). A TRO may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit has also held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

To the extent that Plaintiffs base their causes of action on theories of improper securitization and assignment (*see, e.g.*, ECF No. 1 at 8-9), this district as well as the Ninth Circuit has repeatedly rejected these theories. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011) (finding that plaintiffs failed to state a claim for wrongful foreclosure when interests in home loans were transferred within the MERS system despite arguments that "the designation of MERS as a beneficiary is a sham and the system splits the deed from the note"); *see also Beebe v. Fed. Nat'l Mortg.*

| | |
|---|---|
| 1 | *Ass'n*, No. 2:13-cv-311-JCM-GWF, 2013 WL 3109787, at *2 (D. Nev. June 18, 2013) ("The |
| 2 | securitization argument has been repeatedly rejected by this district because it does not |
| 3 | alter or change the legal beneficiary's standing to enforce the deed of trust."); *see also* |
| 4 | *Reyes v. GMAC Mortg. LLC*, No. 2:11-cv-00100-JCM-RJJ, 2011 WL 1322775, at *3 (D. |
| 5 | Nev. Apr. 5, 2011) ("Since the securitization 'merely creates a separate contract, distinct |
| 6 | from plaintiffs' debt obligations' under the note and does not change the relationship of the |
| 7 | parties in any way, plaintiffs' claims arising out of securitization fail.") (quoting |
| 8 | *Commonwealth Prop. Advocates, LLC v. First Horizon Home Loan Corp*., No. 2:10–cv– |
| 9 | 375, 2010 WL 4788209, at *4 (D. Utah Nov. 16, 2010)); *see also Wood v. Germann*, 331 |
| 10 | P.3d 859, 861 (Nev. 2014) (holding that homeowner lacked standing to challenge the |
| 11 | validity of loan assignments that violated the terms of the original lender and subsequent |
| 12 | purchaser's pooling and servicing agreement). |

Moreover, many of Plaintiffs purported causes of action are not affirmative legal claims. Some are merely forms of relief (*see, e.g.*, ECF No. 1 at 21-22 (requesting injunctive relief)), and others amount to prudential, non-legal allegations (*see, e.g., id.* at 26-27 (alleging "elder abuse")).

It is therefore ordered that Plaintiff's request for the Court to consider the Motions on an emergency basis and ex parte is denied. The normal briefing schedule will apply.

DATED THIS 19th day of October 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE